**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMIM CHOWDHURY,<br><br>　　　　Petitioner,<br><br>　　　v.<br><br>TODD M. LYONS, ETC., ET AL.,<br><br>　　　　Respondents. | No. ED CV 26-1252-MEMF(E)<br><br>ORDER FOR ENTRY OF JUDGMENT |

On March 17, 2026, Petitioner, then a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Petition for Writ of Habeas Corpus, etc." ("the Petition").  On April 13, 2026, by a temporary restraining order, the Court ordered Petitioner's release and enjoined Respondents from re-detaining Petitioner "without compliance with 8 C.F.R. § 241.4(l)(1), 8 C.F.R. § 241.13(i) and 8 U.S.C. § 1231" and from imposing any release restrictions on Petitioner "such as electronic monitoring, unless deemed necessary at a future pre-deprivation bond hearing."

Following Petitioner's subsequent release from ICE detention, the Court issued a preliminary injunction on May 4, 2026.  The preliminary injunction extended through the pendency of this case essentially the same relief granted by the April 13, 2026 temporary restraining order.

On May 6, 2026, the Magistrate Judge ordered that, by May 13, 2026, the parties show good cause, if there be any, why the Court should not enter a final judgment granting the relief the Court granted to Petitioner on an interim basis in the Orders filed April 13, 2026 and May 4, 2026, and otherwise dismissing the Petition without prejudice.  At the same time, the Magistrate Judge warned the parties that failure timely to respond to the May 6, 2026 Order "may be deemed consent to the entry of such a final judgment."

Nevertheless, Respondents failed timely to file any response to the May 6, 2026 Order. On May 13, 2026, Petitioner filed a response, stating that "Petitioner does not oppose, and affirmatively consents to, the entry of a final judgment making permanent the relief previously granted by this Court on an interim basis. . . ." (ECF Doc. 21, p. 1).

Accordingly, and for the reasons stated in the Orders filed April 13, 2026 and May 4, 2026, it is ordered that judgment be entered:  (1) enjoining Respondents from re-detaining Petitioner without compliance with 8 C.F.R. § 241.4(l)(1), 8 C.F.R. § 241.13(i), and 8 U.S.C. § 1231; (2) enjoining Respondents from imposing any release restrictions on Petitioner, such as electronic monitoring, unless deemed necessary at a future pre-deprivation bond hearing; and (3) otherwise dismissing the Petition without prejudice.

Dated: May 19, 2026

_____
MAAME EWUSI-MENSAH FRIMPONG
UNITED STATES DISTRICT JUDGE